MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN
& ALMOND, LLP
1925 Century Park East, Suite 2050
Los Angeles, California  90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff AMCOR
INDUSTRIES, INC.

**NOTE CHANGES MADE BY
COURT PARAGRAPH 10.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCOR INDUSTRIES, INC. d.b.a. GORILLA AUTOMOTIVE PRODUCTS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAFETY WEB PRODUCTS, INC., a California Corporation, and DOES 1-10.<br><br>Defendants. | **Civil Action No. CV 12-8712-GW (MRWx)**<br><br>**AMENDED [PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**Before Honorable Michael R. Wilner** |

Pursuant to the Stipulation for Joint Submission of Proposed Stipulated Protective Order by the parties, Plaintiff Amcor Industries, Inc. DBA Gorilla Automotive Products ("Plaintiff") and Defendant Safety Web Products, Inc. ("Defendant"), and finding good cause for the entry therefore, IT IS HEREBY ORDERED that all discovery in this action shall be governed by the following terms and conditions:

1. Any confidential information produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party (ies) as "Confidential" or "Confidential/Attorneys' Eyes Only." As a general guideline, any information which is publicly available should not be designated as "Confidential" or "Confidential/Attorneys' Eyes Only." A document should be designated "Confidential" or "Confidential/Attorneys' Eyes Only" when it contains or reflects confidential business information such as marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, employee files, customers' identities and personal information, merchandising, research and development of products not yet released or sold, correspondence and agreements with actual or prospective customers or vendors, financial information or projections, including, without limitation, budgets, revenue, profits, costs, liabilities, or other documents relating to revenue earned, and asset information that is not public knowledge, and actual or prospective customer lists or other information or documents that would put the producing party at a competitive disadvantage if the information became known to the receiving party or a third party.

2. Information designated "Confidential" or "Confidential/Attorneys' Eyes Only" may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Stipulated Protective Order.

3. Any party or non-party wishing to come within the provisions of this Stipulated Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof which it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Confidential/Attorneys' Eyes Only" by the producing party, and any confidential documents exchanged prior to this Stipulated

Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page. It is the intent of the parties that each document previously designated as "Confidential" or "Confidential/Attorneys' Eyes Only" and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Stipulated Protective Order. "Confidential" or "Confidential/Attorneys' Eyes Only" documents or things that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing. In the instance of deposition testimony, the witness under deposition or his or her counsel shall invoke the provisions of this Stipulated Protective Order in a timely manner and designate the level of restriction. During the deposition, parties shall be excluded from testimony designated "Confidential/Attorneys' Eyes Only." The witness under deposition or his or her counsel shall have the right, within twenty days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof. For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter and counsel for the party asserting that certain documents or testimony is confidential.

    4. Any documents or discovery responses stamped "Confidential/Attorneys' Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential/Attorneys' Eyes Only" may be made available only to:

    a. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

  b. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

  c. Independent experts who are not directly associated with a party and whom the receiving party identifies to the producing party within ten (10) days of disclosure; and

  d. Court reporters and their staff who are required to transcribe testimony.

5. Any documents or discovery responses stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

  a. The parties and/or their representatives on a need to know basis;

  b. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

  c. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

  d. Independent experts who are not directly associated with a party and whom the receiving party identifies to the producing party within ten (10) days of disclosure; and

  e. Court reporters and their staff who are required to transcribe testimony.

6. Written notice of intention to provide information or documents to experts pursuant to Paragraphs 4(c) and 5(d) shall be provided by facsimile five (5) days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made. If there is a written

4
[PROPOSED] STIPULATED PROTECTIVE ORDER

objection within the five-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents but shall have the right to bring the dispute before the Court for resolution. The parties shall not unreasonably object to the disclosure of information and documents to experts pursuant to Paragraph 4(c) and 5(d). The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to the identified expert. The parties further agree that an expert consultant whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation, unless the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

7.  Each person permitted by the parties or their counsel to have access to designated information under the terms of this Stipulated Protective Order (other than the persons identified in Paragraphs 4(a), 4(b), and 4(d)) and 5(b), 5(c), and 5(e) shall, prior to being given such access, be provided with a copy of this Stipulated Protective Order for review. Upon receiving this Stipulated Protective Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he has read the Stipulated Protective Order and agrees to comply with its terms.

8.  The restrictions set forth in this Stipulated Protective Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents which would be in violation of this Stipulated Protective Order.

9. Any document or evidence that is designated as containing "Confidential" or "Confidential/Attorneys' Eyes Only" information and that a party wishes to file with the Court will be presented to the Court along with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5.

10. If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as "Confidential" or "Confidential/Attorneys' Eyes Only" or believes that it is necessary to disclose designated information to persons other than those permitted by this Stipulated Protective Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Stipulated Protective Order or be available to specified other persons.  It shall be the burden of the party who makes the designation to demonstrate that the material or information at issue was properly designated.  It shall be the burden of the party seeking the disclosure to persons other than those designated in this Stipulated Protective Order to show that such disclosure is necessary. Any motion must comply with the joint filing provisions of Local Rule 37.

11. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this action, is not a signatory to this Stipulated Protective Order, or otherwise is not bound by this Stipulated Protective Order, that seeks to compel production of "Confidential" or "Confidential/Attorneys' Eyes Only" information or documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted that the information or documents subject to the subpoena are

6
[PROPOSED] STIPULATED PROTECTIVE ORDER

"Confidential" or "Confidential/Attorneys' Eyes Only." The written notice required by this paragraph shall be given no later than seven (7) days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as "Confidential" or "Confidential/Attorneys' Eyes Only" shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Stipulated Protective Order.

12. The Stipulated Protective Order may be modified only in writing by the parties and approved by an order of the Court.

13. Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall (a) assemble and return all designated materials, including copies, to the person(s) and entity (ies) from whom the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made. The attorney of record may retain one copy of any designated materials, to be kept confidentially, and

retain all copies of designated materials containing attorney work product information.

      14.   This Stipulated Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

IT IS SO ORDERED.

Dated:  January 3, 2013

                          Honorable Michael R. Wilner

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Confidential/Attorneys' Eyes Only" within the terms of the Stipulated Protective Order entered in the U.S. District Court, Central District of California, case entitled <u>Amcor Industries, Inc. DBA Gorilla Automotive Products v. Safety Web Products, Inc.</u>, Case No. CV 12-8712-GW (MRWx).

2. I have read the aforementioned Stipulated Protective Order, and I agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the State of California and the United States of America.

Dated:_____

**Name:**_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I, hereby certify that on December __, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel of record.

_____
MICHAEL P. MARTIN
Fischbach, Perlstein, Lieberman & Almond
1925 Century Park East, Suite 2050
Los Angeles, California, 90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: mmartin@fpllaw.com